1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7          SOUTHERN DISTRICT OF CALIFORNIA

8

9    BRADLEY SAYRE,                          Case No.:  17-CV-449-JLS (MDD);

10                    Petitioner/Plaintiff,          17-CV-2285-JLS (MDD)

11   v.                                       **ORDER (1) DENYING PETITION**
                                              **TO VACATE ARBITRATION**
12   JP MORGAN CHASE & CO.; JP                **AWARD; (2) GRANTING MOTION**
13   MORGAN CHASE SECURITIES, LLC;            **TO DISMISS**
     and DOES 1-10,                           (17-CV-2285, ECF No. 1;
14
                                              17-CV-449, ECF No. 8)
15                   Respondents/Defendants.

16

17         Presently before the Court are two pending motions in two related cases.  The Court

18   will first address Petitioner Bradley Sayre's ("Mr. Sayre") Petition to Vacate or Modify

19   Arbitration Award in *Sayre v. J.P. Morgan Securities LLC*, 17-CV-2285, ("Petition," ECF

20   No. 1).  Respondent J.P. Morgan Securities LLC ("JMPS") filed a Response to the Petition,

21   ("Petition Opp'n," ECF No. 7), and Mr. Sayre filed a Reply in Support of the Petition,

22   ("Petition Reply," ECF No. 10).

23         Pending in *Sayre v. JP Morgan Chase & Co.*, 17-CV-449 is Defendants JPMorgan

24   Chase & Co. and J.P. Morgan Securities LLC's ("Defendants") Motion to Dismiss or to

25   Stay Plaintiff's First Amended Complaint, or, in the Alternative, Motion for Summary

26   Judgment, ("MTN," ECF No. 8-1).  Mr. Sayre filed an Opposition to the Motion, ("Opp'n,"

27   ECF No. 10), and Defendants filed a Reply in Support of the Motion, ("Reply, ECF No.

28   12).  Defendants also requested leave to file supplemental briefing in support of their

                                              1

Motion, which the Court granted. (*See* ECF Nos. 14, 17.) Defendants filed their supplemental brief, ("Supp. Brief," ECF No. 17), Mr. Sayre filed an Opposition, ("Supp. Opp'n," ECF No. 18), and Defendants filed a Reply, ("Supp. Reply," ECF No. 21).

The Parties have requested the pending Motion and pending Petition be heard together. (*See* 17-cv-2285, ECF No. 5.)

## PETITION TO VACATE ARBITRATION AWARD; 17-CV-2285

### BACKGROUND

Mr. Sayre worked for JPMS as a financial advisor. (Petition 3.)[1] He argues JPMS wrongfully terminated his employment on March 4, 2014 after he complained about policies and protocols he contends were unlawful. (*Id.* at 4.) On March 4, 2015, Mr. Sayre filed an arbitration case against JMPS with the Financial Industry Regulatory Authority ("FINRA"). (*Id.*) The Parties worked to settle the case, and the arbitration hearing was continued several times at the request of JPMS. (*Id.*) The Parties appeared at the arbitration hearing on July 18, 2017. On this day, the Parties participated in arbitration in the morning. (Petition Opp'n 7.) After lunch, Mr. Sayre's counsel, Mr. Mirch, became ill and needed to go to the doctor. Given that Mr. Mirch and Mrs. Mirch (his wife and law partner) confirmed that no other attorney at the firm could competently represent Mr. Sayre, they requested the arbitration panel continue the hearing to the next day. (Petition 5.) The Panel granted the motion. (*Id.*) The next morning, Mrs. Mirch appeared and requested a continuance because neither Mr. Mirch nor Mr. Sayre could be present. (Petition Opp'n 8.) Mr. Mirch was to be absent due to his health and Mr. Sayre was to be absent because his wife was about to have a baby. (*Id.*)[2] The Panel requested Mrs. Mirch present them with a doctor's note for Mr. Mirch and a statement of availability for Mr. Sayre. (Petition 5; Petition Opp'n 9.) Mrs. Mirch returned with an email from Mr. Sayre stating his request to postpone the hearings and that he intended to take 12 weeks of

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.
[2] JPMS states this is the first time Mr. Sayre had informed anyone about his wife's due date. (Petition Opp'n 7.)

personal time to support his family. (Petition Opp'n 9.) Mrs. Mirch also presented a note from an urgent care physician stating Mr. Mirch was placed off work through July 21, 2017 and needed to go to the emergency department. (*Id.* at 10; Petition 5.) Mr. Mirch was in the emergency room. (Petition 6.) The Panel denied the motion to continue the hearing. (*Id.*) The hearing concluded on the afternoon of July 19, 2017. (Petition Opp'n 11.) The Panel found in favor of JPMS. (Petition 8.) Mr. Sayre requests the Court vacate the arbitration award.

## LEGAL STANDARD

Under the Federal Arbitration Act, a district court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[3] "As is apparent from the language, these standards are highly deferential to the arbitrator." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 414 (9th Cir. 2011). "It is generally held that an arbitration award will not be set aside unless it evidences a 'manifest disregard for law.'" *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056,

---

[3] The Parties analyze both the Federal Arbitration Act ("FAA") and the California Arbitration Act ("CAA") in their briefs. "The CAA and the FAA provide different grounds for vacatur of an arbitration award." *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1065 (9th Cir. 2010). "[T]here is a strong default presumption that the [FAA], not state law, supplies the rules for arbitration." *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1104 (9th Cir. 2007) (internal quotation marks and citation omitted). "To overcome that presumption, parties to an arbitration agreement must evidence a 'clear intent' to incorporate state law rules for arbitration." *Johnson*, 614 F.3d at 1066 (internal quotation marks, ellipsis and citations omitted). The Parties' arbitration agreement in this case, titled "Binding Arbitration Agreement," states: "This agreement will be governed by the Federal Arbitration Act." (*See* 17-cv-449, ECF No. 8-7, at 45.) Therefore, the Court will analyze the pending Petition under the FAA.

1060 (9th Cir. 1991) (citing *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564 (1960)). A court should not reverse an arbitration award "even in the face of erroneous interpretations of the law." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992) (citing *Todd Shipyards*, 943 F.2d at 1060). But, "the arbitrary denial of a reasonable request for postponement may serve as grounds for vacating an arbitral award." *Sheet Metal Workers Int'l. Ass'n Local Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985).

## ANALYSIS

Mr. Sayre argues the Court should vacate the arbitration award because "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." (Petition 9 (citing 9 U.S.C. § 10(a)(3).) Overall, he argues the award must be vacated because the arbitrators' refusal to postpone the hearing when neither he nor his counsel could be present was unconscionable and denied him his right to be heard. (*See* Petition.)

In its written opinion, the Panel discussed Mr. Sayre and Mr. Mirch's motion to postpone the hearing. The Panel noted it

> discussed if there was sufficient evidence presented by Claimant's counsel, both witness testimony and the written exhibits, to assure that the Panel could make an honest, impartial, and comprehensive evaluation of Claimant's case. The Panel also considered Claimant's memo concerning his voluntary absence from the hearing. By unanimous vote, the Panel affirmed that the Panel could and would make an honest, impartial, and comprehensive evaluation of Claimant's case. The unanimous vote was to deny the request for an indefinite postponement.

(ECF No. 11-5, at 4.)[4] An arbitration award is generally upheld if there was "any reasonable basis" for denying the requested continuance. *Cortina v. Citigroup Global*

---

[4] Mr. Sayre attached the arbitration award in a "notice of lodgment of exhibits." (ECF No. 11). The Court sua sponte takes judicial notice of the award pursuant to Fed. R. Evid. 201(c)(1). *See Kurtcu v. U.S. Parking Inc.*, No. C 08-2113 WHA, 2008 WL 2445080, at *2 (N.D. Cal. June 16, 2008) (taking judicial notice of an arbitration award).

17-CV-449-JLS (MDD);

*Markets, Inc.*, No. 10CV2423-L RBB, 2011 WL 3654496, at \*5 (S.D. Cal. Aug. 19, 2011) (quoting *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1016 (11th Cir. 1998).)

Here, the Panel cited the "reasonable basis" for its denial of a continuance. The Panel determined it could make an impartial decision with or without Mr. Sayer and Mr. Mirch's presence. The Panel reviewed the evidence submitted by both Parties. The Panel reasonably found an indefinite postponement of the arbitration hearing was unnecessary given there was sufficient evidence available that would allow it to make a fair and impartial decision. The Parties had both made opening statements, Mr. Sayre's first witness had been examined, and both Parties' exhibit books were to be admitted into evidence. (ECF No. 11-5, at 3, 5.) Although the arbitration hearing continued in Mr. Sayre and Mr. Mirch's absence, "[JPMS] did not have a witness testify, and did not cross-examine [Mr. Sayre's] witness. . . . [JPMS's] counsel made his closing statement and the session was adjourned." (*Id.* at 5.)

## CONCLUSION

The Court finds no "manifest disregard for law" in the Panel's denial of Mr. Sayre's request to continue the hearing. *Todd Shipyards Corp.*, 943 F.2d at 1060. The Court finds the decision was not arbitrary, but was based on a reasonable decision by the Panel. Thus, because there is no ground to vacate or modify the award, the Court **DENIES** Mr. Sayre's Petition to Vacate. The Clerk **SHALL** close the file.

## <u>MOTION TO DISMISS, 17-CV-449</u>

In March 2017, Mr. Sayre (or "Plaintiff") filed a Complaint against Defendants in this Court alleging (1) Violation of Dodd-Frank Act; (2) Wrongful Termination in Violation of Public Policy; (3) Violation of Securities Exchange Act of 1934 10b-5 Fraud in the Trade of Securities; (4) Violation of California Corporations Code Section 25401; and (5) Violation of California Business and Professions Code Section 17200 et seq. ("Compl," ECF No. 1.) Defendants move to dismiss the Complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the

defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**ANALYSIS**

The Court first addresses Defendants' request for judicial notice.

**I.    Judicial Notice**

Defendants request the Court take judicial notice of (1) the Amended Statement of Claim filed in the arbitration proceeding; (2) the FINRA arbitration award; (3) the FINRA Director's denial of Plaintiff's motion to continue the hearing. ("RJN," ECF No. 17-1.)

Plaintiff references the Statement of Claim in his Complaint, (Compl. ¶ 98), and he does not contest the authenticity of the document attached to Defendants' Request for Judicial Notice. "[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court takes judicial notice of the Statement of Claim. As to the arbitration award, this is not referenced in the Complaint, but "[t]he court may properly look beyond the complaint only to items in the record of the case or to matters of general public record." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). Specifically, judicial notice may be taken of orders and decisions taken by other courts and administrative agencies. *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 (9th Cir. 1995), *overruled on other grounds by Harbor Tug & Barge Co v. Papai*, 520 U.S. 548 (1997); *see also Kurtcu*, 2008 WL 2445080, at *2 (taking judicial notice of an arbitration award). The Court takes judicial notice of the arbitration award.

As to the Director's denial of Plaintiff's motion to continue the hearing, the Court finds no reason to take judicial notice of this document. The Court denies the request for judicial notice of this document as unnecessary to the resolution of this Motion. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

**II.    Res Judicata**

Defendants argue res judicata bars Plaintiff's lawsuit due to the FINRA arbitration award. (Supp. Brief 5.) Indeed, "[a]n arbitration decision can have res judicata or collateral

7

estopbel effect." *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (quoting *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (9th Cir. 1985)). The Court must first determine whether federal or state preclusion rules apply here.

## A. Choice of Law

Determining which preclusion law governs depends on the nature of the potentially precluding judgment. *In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d. 920, 930 (E.D. Cal. 2017). If a federal court sitting in diversity jurisdiction issued the arguably precluding opinion, then the preclusion rules of the state in which that court sits would apply. *Taylor v. Sturgell*, 553 U.S. 880, 891, (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001)). But, if a federal court sitting in federal question jurisdiction issued the prior opinion, then federal courts apply the federal rules of res judicata. *Semtek*, 531 U.S. at 508. Here, the arguably precluding judgment is an arbitration award. Courts have applied federal res judicata principles in similar cases. *See C.D. Anderson*, 832 F.2d at 1100; *Aurora v. TD Ameritrade, Inc.*, No. CV 210-1216 CW, 2010 WL 2925178, at *7 (N.D. Cal. July 26, 2010). Neither party disputes the Court should apply federal res judicata principles; the Court will do so.

Under the federal principles, res judicata applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro– Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

## B. Identity of the Claims

Four criteria are used to determine whether a suit involve the same claim or cause of action: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Id.* "Newly articulated claims based on the same nucleus of facts may still be subject to a

8

res judicata finding if the claims could have been brought in the earlier action." *Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Id.* (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)).

To begin, it is undisputed that the claims in the FINRA Arbitration differ from the claims in the present suit. Plaintiff's claims in FINRA were: breach of contract; breach of the covenant of good faith and fair dealing; negligence; intentional misrepresentation; negligence per se; defamation; and negligent misrepresentation. (RJN 37.) Plaintiff's claims in the present suit are: Violation of Dodd-Frank Act; Wrongful Termination in Violation of Public Policy; Violation of the Securities Exchange Act of 1934 10b-5 Fraud in the Trade Securities; Violation of California Corporations Code § 25401; Violation of California Business and Professions Code § 17200 et seq; and Claim for Wages under California Labor Code. (*See* Compl.) But Defendants argue Plaintiff "waived his right to litigate the claims in the FAC when he litigated claims based on the same underlying facts and alleged conduct in the FINRA Arbitration." (Supp. MTN 11.)

The issue is whether the claims in Plaintiff's present Complaint arise out of the same nucleus of facts as the FINRA claims and "could have been brought" in the FINRA arbitration. Plaintiff does not appear to contest that the current claims arise out of the same nucleus of facts as the arbitration claims. Indeed, all claims stem from Plaintiff's former employment with JPMS and the alleged wrongful termination. Plaintiff argues he could not have brought all of the claims in arbitration.

    *1. Whether Plaintiff Could Have Brought His Claims in Arbitration*

Plaintiff first argues that claims arising under the Dodd-Frank Act are not subject to arbitration because the Act disallows arbitration for whistleblower claims. (Supp. Opp'n

4.) Plaintiff has misread the Dodd-Frank statute under which he brings his claim, 15 U.S.C. § 78u-6(h). (*See* Compl. ¶¶ 123–136.) The Dodd-Frank Act disallows arbitration for whistleblower claims brought under other statutes; it does not in fact disallow arbitration for Dodd-Frank whistleblower claims. *See Khazin v. TD Ameritrade Holding Corp.*, 773 F.3d 488, 491 (3d Cir. 2014) (holding the Dodd-Frank Act added the Anti-Arbitration Provision to the Sarbanes-Oxley cause of action and "[t]he text and structure of Dodd-Frank compel the conclusion that whistleblower retaliation claims brought pursuant to 15 U.S.C. § 78u–6(h) are not exempt from predispute arbitration agreements"); *Beard v. Santander Consumer USA, Inc.*, No. 1:11-cv-11-1815 LJO-BAM, 2012 WL 1292576, at *6 (E.D. Cal. Apr. 16, 2012) ("Provisions of the Dodd-Frank Act amend the whistleblower provisions of the Sarbanes-Oxley Act to make unenforceable any predispute arbitration clause for disputes arising under those whistleblower sections."); *Ruhe v. Masimo Corp.*, No. SACV 11-734-CJC(JCGx), 2011 WL 4442790, at *4 (C.D. Cal. Sept. 16, 2011) ("The Dodd–Frank Act's whistleblower amendments to the Securities Exchange Act of 1934 and the Sarbanes–Oxley Act both contain provisions that render pre-dispute arbitration agreements unenforceable for claims brought under these two sections. Unlike these other whistleblower provisions of the Dodd-Frank Act, Section 78–u contains no such provision."). Thus, Plaintiff was not barred from bringing his Dodd-Frank Act whistleblower claims in arbitration.[5]

2. *Plaintiff's Claim Under the Securities Exchange Act of 1934 and Claim For Wrongful Termination*

Plaintiff also brings a claim for a violation of the Securities Exchange Act of 1934 and a claim for "wrongful termination in violation of public policy," citing 18 U.S.C. § 1514A(a)(a). (Compl. ¶ 139.) As noted above, although the Dodd-Frank Act does not

---

[5] Plaintiff also argues FINRA rule 13201(b) also precludes disputes arising under a whistleblower statute from arbitration. (Supp. Opp'n 4.) In fact, the rule provides: "A dispute arising under a whistleblower statute that prohibits the use of predispute arbitration agreements is not required to be arbitrated under the Code." As detailed herein, this does not apply to the Dodd-Frank Act because this is not a statute that prohibits the use of predispute arbitration agreements.

preclude from arbitration whistleblower claims brought under the Dodd-Frank Act, its "amendments to the Securities Exchange Act of 1934 and the Sarbanes-Oxley Act both contain provisions that render pre-dispute arbitration agreements unenforceable for claims brought under these two sections." *Ruhe*, 2011 WL 4442790, at *4; *see also Beard*, 2012 WL 1292576 at *6 (noting the Dodd-Frank Act "amend[ed] the whistleblower provisions of the Sarbanes-Oxley Act to make unenforceable any predispute arbitration clause for disputes arising under those whistleblower sections" (citing 7 U.S.C. § 26(n); and 18 U.S.C. § 1514A(e))).

As to Plaintiff's claim brought under the Securities Exchange Act of 1934, this is not a claim brought under the whistleblower provision of this section, but is a claim for "fraud, misrepresentation, and deceit in the sale and purchase of securities" pursuant to Rule 10b-5. (Compl. ¶ 145.) Thus, Plaintiff could have brought this claim in arbitration. As to Plaintiff's claim for "wrongful termination in violation of public policy," this is a state law claim. *See Tribble v. Raytheon Co.*, 414 Fed. App'x. 98, 99 (9th Cir. 2011). Plaintiff alleges he was wrongfully terminated in violation of the Dodd-Frank Act and the Sarbanes-Oxley Act. (Compl. ¶ 139.) When a wrongful termination claim, based on public policy, cites federal causes of action as the basis for public policy it does not transform the state cause of action into a federal one. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343–44 (9th Cir. 1996). Therefore, this state law claim does not "arise under" the whistleblower section of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, and could have been brought in arbitration.

### 3. Scope of the Arbitration Agreement

Plaintiff also argues the arbitrators could not decide "the statutory claims asserted in his suit because they do not fall within the scope of the agreement to arbitrate." (Supp. Opp'n 5.) Defendants argue the arbitration agreements cover "all employment-related disputes" including claims for "violations of any other common law, federal, state or local statute, ordinance, regulation, or public policy." (Supp. Reply 9 (citing ECF No. 801, at 9).) Plaintiff does not explain why he alleges his federal claims would not be covered by

the arbitration agreement.[6]  The Court agrees with Defendants that Plaintiff could have brought the claims in his Complaint in arbitration.  Thus, the Court finds the arbitration involved the same claim or cause of action as the current suit and the first element of res judicata is met.

### C.  The Parties

As Plaintiff states, "[t]here is no dispute that the parties are the same in the FINRA arbitration and the present suit." (Supp. Opp'n 6.)  The second element of res judicata is met.

### D.  Final Judgment on the Merits

Plaintiff argues the arbitration award is not final because he has filed a petition to vacate the award.  (Supp. Opp'n 6; *see Sayre v. J.P. Morgan Securities, LLC*, No. 17-cv-2285-JLS-MDD (petition removed to this Court)).  This argument is moot because the Court has denied the petition in this Order, *see supra* pg. 5.

Plaintiff also argues the arbitration award was not on the merits because the arbitrators refused to continue the hearing "when Plaintiff's counsel was in the emergency room because he was exhibiting signs of a stroke." (Supp. Opp'n 7.)  Plaintiff has provided no reason why this would render the award "not on the merits" and the Court has declined to vacate the arbitration award for this reason.   The Court therefore finds a final decision was decided on the merits by the FINRA arbitration panel.

The elements of res judicata are met, and allowing Plaintiff's Complaint to succeed in this Court would undercut the judgment of the arbitration Panel.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss

---

[6] In his prior opposition, Plaintiff argues "Dodd Frank is not an 'employment claim' that falls under the scope of the arbitration agreement." (Opp'n 6.)  But, the Court finds a Dodd-Frank claim is an "employment-related dispute" and is a claim for a violation of the law.  Thus, this claim is within the scope of the arbitration agreement.

Plaintiff's Complaint, (ECF No. 8), and **DISMISSES** Plaintiff's Complaint.[7] Because no amendment could cure the res judicata preclusive effect, this dismissal is **WITH PREJUDICE**. The Clerk **SHALL** close the file.

  **IT IS SO ORDERED.**

Dated: February 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[7] Because the Court grants the Motion to Dismiss, it **DISMISSES AS MOOT** Defendants' alternative requests to stay the case or treat the Motion as one for summary judgment.

17-CV-449-JLS (MDD);